UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:23-cv-1077

**KIRSTEN GRASTY,**

    Plaintiff,

v.

**SPECIAL FINANCING COMPANY LLC,** and **SEQUIUM ASSET SOLUTIONS LLC,**

    Defendants.
_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

Plaintiff Kirsten Grasty ("Plaintiff") sues Special Financing Company LLC and Sequium Asset Solutions LLC (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Leon County, Florida.

4. Defendant Special Financing Company LLC ("Defendant-Creditor") is a Virginia limited liability company, with its principal place of business located in Hampton, Virginia.

5. Defendant Sequium Asset Solutions LLC ("Defendant-DC") is a Georgia limited liability company, with its principal place of business located in Marietta, Georgia.

**DEMAND FOR JURY TRIAL**

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**ALLEGATIONS**

7. On a date better known by Defendant-Creditor, Defendant-Creditor began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt, Special Financing Company, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. In particular, the Consumer Debt relates to an unsecured line of credit with an account number ending with 6443.

11. Defendant-Creditor is a "person" within the meaning of Fla. Stat. § 559.72.

12. Defendant-DC is a "person" within the meaning of Fla. Stat. § 559.72.

13. On February 1, 2022, Defendant-Creditor was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant-Creditor had to communicate with Plaintiff directly; **[3]** Defendant-Creditor was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

14. Defendant-Creditor received the Notice on February 1, 2022.

15. Attached as Exhibit "A" is the Notice.

16. Upon receipt of the Notice, Defendant-Creditor knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

17. Upon receipt of the Notice, Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

18. Upon receipt of the Notice, Defendant-Creditor knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

19. By and through the Notice, Defendant-Creditor had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

20. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Defendant-Creditor was not permitted to contact Plaintiff directly, Defendant-Creditor contracted with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff.

21. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, Defendant-Creditor disclosed to Defendant-DC that, *among other things*: [1] the existence of the Consumer Debt; [2] the creditor of the Consumer Debt; and [3] the amount of the Consumer Debt.

22. In contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt from Plaintiff, Defendant-Creditor disclosed to Defendant-DC that, *among other things*: [1] Plaintiff disputed the Consumer Debt; [2] Plaintiff was represented by an attorney with respect to the Consumer Deb; and [3] provided Defendant-DC with information sufficient to allow Defendant-DC to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

23. On a date better known by Defendants, Defendant-DC, on behalf of Defendant-Creditor, began attempting to collect the Consumer Debt from Plaintiff.

24. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

25. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

26. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

28. Defendant-DC's "Consumer Collection Agency" license number is CCA9903906.

29. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

30. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

31. For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

32. Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

33. Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

34. Despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and Plaintiff could not be contacted directly, Defendant-Creditor, by and through Defendant-DC, sent Plaintiff a letter, internally dated September 18, 2023, (the "Collection Letter") in an attempt to collect the Consumer Debt.

35. Attached as Exhibit "B" is a copy of the Collection Letter.

36. The Collection Letter is a communication from Defendant-Creditor by and through Defendant-DC.

37. The Collection Letter is a communication from Defendant-Creditor to Plaintiff in connection with the collection of the Consumer Debt.

38. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of the Consumer Debt.

39. The Collection Letter represents an action to collect a debt by Defendant-Creditor.

40. The Collection Letter represents an action to collect a debt by Defendant-DC.

41. The Collection Letter fails to disclose or communicate to Plaintiff that the Consumer Debt.

42. Receiving the Collection Letter caused Plaintiff to waste time.

43. Plaintiff would not have received the Collection Letter and expended time deliberating what action was required in respond to the Collection Letter had Defendants communicated directly with Plaintiff's attorney as requested by Plaintiff in the Notice.

44. Plaintiff wasted time opening and reviewing the Collection Letter, as well as wasted time questioning why Plaintiff received the Collection Letter instead of Plaintiff's attorney.

45. The Collection Letter caused Plaintiff to be confused as to why Plaintiff was receiving direct communications regarding the Consumer Debt, as Plaintiff knew Defendant-Creditor was notified that Plaintiff was represented by an attorney, disputed the Consumer Debt, and that all communications concerning the Consumer Debt was to be directed to Plaintiff's attorneys.

46. The Collection Letter communicates credit information by representing the Consumer Debt as in default with payment past-due and otherwise outstanding, identifying the creditor of the Consumer Debt, and stating the amount of the Consumer Debt purportedly owed to Defendant-Creditor.

47. The Collection Letter fails to communicate that the Consumer Debt is disputed by Plaintiff.

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(18)**
(against Defendant-Creditor)

48. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

49. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address*…." Fla. Stat. §559.72(18) (emphasis added).

50. As stated above, Defendant-Creditor knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of February 1, 2022. Despite knowing this, Defendant-Creditor communicated and/or contact Plaintiff directly,

by and through the Collection Letter it (Defendant-Creditor) contracted with Defendant-DC to send, in connection with the collection of the Consumer Debt.

51.   Accordingly, Defendant-Creditor violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter it (Defendant-Creditor) contracted with Defendant-DC to send to Plaintiff.

52.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
### VIOLATION OF FLA. STAT. § 559.72(6)
(against Defendant-Creditor)

53.   Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

54.   Pursuant to § 559.72(6) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose information concerning the existence of a debt known to*

*be reasonably disputed by the debtor without disclosing that fact.*" Fla Stat. § 559.72(6) (emphasis added).

55. As stated above, after Defendant-Creditor was notified on February 1, 2022, that Plaintiff disputed the Consumer Debt by and through the Notice, Defendant-Creditor contracted with Defendant-DC to collect, or attempt to collect the Consumer Debt from Plaintiff. In so doing, Defendant-Creditor disclosed to Defendant-DC the existence of the Consumer Debt, that the Consumer Debt was owed to Defendant-Creditor by Plaintiff; and that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt. Thus, to the extent Defendant-DC claims it *was not* notified by Defendant-Creditor that Plaintiff disputed the validity of the Consumer Debt, Defendant-Creditor violated § 559.72(6) by failing to disclose to Defendant-DC that that fact when contracting with Defendant-DC to collect, or attempt to collect the Consumer Debt.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant-Creditor from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

COUNT 3
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against Defendant-DC)

57.   Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

58.   Pursuant to § 1692c(a)(2) of the FDCPA, "…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

59.   As set forth above, in contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt, Defendant-Creditor informed Defendant-DC that Plaintiff was represented by an attorney with respect to the Consumer debt and provided Defendant-DC with information sufficient to allow Defendant-DC to readily ascertain the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

60.   Accordingly, Defendant-DC violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* the Collection Letter.

61.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: [1]

statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## VIOLATION OF 15 U.S.C. § 1692e(8)
(against Defendant-DC)

62. Plaintiff incorporates by reference paragraphs 7 through 47 of this Complaint.

63. Pursuant to § 1692e(8) of the FDCPA, debt collectors are prohibited from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

64. As set forth above, Defendant-DC knew that Plaintiff disputed the Consumer Debt because, in contracting with Defendant-DC to collect, or attempt to collect, the Consumer Debt, Defendant-Creditor informed Defendant-DC that Plaintiff disputed the Consumer Debt. As mentioned above, however, the Collection Letter fails disclose or otherwise communicate to Plaintiff that the Consumer Debt is disputed.

65. Thus, Defendant-DC violated § 1692c(a)(2) of the FDCPA by failing to communicate and/or disclose in the Collection Letter that the Consumer Debt is disputed.

66.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: [1] statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: November 22, 2023

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

# EXHIBIT A

## Fair Credit Law Group, LLC
**ATTORNEYS AT LAW**

---

**JOEL A. BROWN**  
**ROBERT A. FRIEDMAN**

3389 Sheridan St., Suite 245  
Hollywood, FL 33021

February 1, 2022

BILLING ERRORS  
**Sono Bello - Special Financing**  
PO Box 965030  
Orlando, FL 32896-5030

Re:   Kirsten Grasty  
      Account #: 1004 6443  
      SSN #: XXX-XX-9296

Dear Customer Service Representative:

The undersigned represents the above named consumer regarding a balance allegedly owed on an extension of credit. I ask that you cease contact with my client and direct any and all correspondence, except for billing statements, to my attention and desist from reporting any inaccurate or negative information to any credit reporting agency.

Further, per Regulation Z §226.13(a)(7) you have failed to mail a periodic statement to the last known address for our client and thus all charges for the last 60 days are disputed.

In furtherance of my representation, I request that you provide my office with the following: (1) the original offer made to my client, including any TILA disclosure statements; (2) any written contract(s) and amendments thereto; (3) a complete accounting of purchases, cash advances, and balance transfers, including evidence that same were settled with my client's creditors (merchants) and in what U.S. $ amount; and (4) a detailed description of the manner in which you arrived at the new balance, finance charges and minimum amount due.

While you are performing your investigation, do not report my client adversely to any persons or credit reporting agencies per 15 U.S.C 1666a and Regulation Z §226.13(d)(2).

Please govern yourself accordingly.

Sincerely,

Joel A. Brown & Robert Friedman Esq.  
*For the Firm*



*D2-P450760-F1209458*

# EXHIBIT B

**Sequium Asset Solutions, LLC**
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

TO:   Kirsten Grasty
      5608 Whispering Woods Dr
      Milton, FL 32571-8327

Monday through Friday 9 AM – 5 PM Eastern Time Zone
www.Sequium.com

Reference 54810112
September 18, 2023

**Sequium Asset Solutions, LLC is a debt collector.** We are trying to collect a debt that you owe to Special Financing Company, LLC. We will use any information you give us to help collect the debt.

### Our information shows:

You had a Special Financing Company, LLC account with account number XXXXXXXXXXXX6443.

| | |
|---|---:|
| As of 05/19/2022, you owed: | $3,559.92 |
| Between 05/19/2022 and today: | |
| You were charged this amount in interest: | + $.00 |
| You were charged this amount in fees: | + $.00 |
| You paid or were credited this amount toward the debt: | – $.00 |
| Total amount of the debt now: | $3,559.92 |

### Contact Information:

 Pay by Phone: Call us today at 833-574-0734 to discuss payment options.

 Pay Online: You can pay online at: www.sequium.com

 Pay by Mail: Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

 Pay by App: You can now make payments using our mobile app. Download Now!

### How can you dispute the debt?

- **Call or write us by 11/02/2023, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

- **If you write us by 11/02/2023**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at inquiry@sequium.com.

### What else can you do?

- **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by 11/02/2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at inquiry@sequium.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- If you do not dispute this debt, please contact us about your payment options.

--- Detach and Return ---



1130 Northchase Parkway, Suite 150
Marietta, GA 30067

Kirsten Grasty
5608 Whispering Woods Dr
Milton, FL 32571-8327

### How do you want to respond?
Check all that apply:
- ☐ I want to dispute the debt because I think:
  - ☐ This is not my debt.
  - ☐ This amount is wrong.
  - ☐ Other (please describe on reverse or attach additional information).
- ☐ I want you to send me the name and address of the original creditor.
- ☐ I enclosed this amount: $ _____

Make your checks payable to Sequium Asset Solutions, LLC
Include the reference number 54810112.

Mail this form to:

Sequium Asset Solutions, LLC
1130 Northchase Parkway, Suite 150
Marietta, GA 30067

FR14C //03000 //212201958100 /2019 /0001538 /  0001538